IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON MARTIN,<br>                Plaintiff,<br>v.<br><br>JET EQUIPMENT & TOOLS, INC., and<br>"John Does, Inc.," entities presently<br>Unknown, intended to be distributors,<br>Suppliers, and repairers of tilting<br>ARBOR SAW, Model JTAS-10-3, and<br>WALTER MEIER MANUFACTURING<br>CORP.,<br>                Defendants. | NO. 10 cv 5181 |

## WALTER MEIER'S ANSWER AND AFFIRMATIVE DEFENSES

Walter Meier Manufacturing, Inc. ("Walter Meier") (f/k/a JET Equipment & Tools, Inc."), improperly named as Walter Meier Manufacturing Corp., for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff resides in the County of Bronx, City and State of New York.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Defendants are duly organized domestic corporations.

**ANSWER:** Walter Meier admits only that it is a corporation organized under the laws of the State of Washington and that its principal place of business in LaVergne, Tennessee. In the context of this Complaint, Walter Meier is without knowledge or information insufficient to form a belief as to the truth of the allegations contained in this paragraph.


3. Defendants are duly organized foreign corporations, transacting business in the State of New York.

**ANSWER:** Walter Meier admits only that it is a corporation organized under the laws of the State of Washington and that its principal place of business in LaVergne, Tennessee. In the context of this Complaint, Walter Meier is without knowledge or information insufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendants regularly do and/or solicit business in New York State.

**ANSWER:** Walter Meier admits only that it has, in the past, transacted business in the State of New York. Walter Meier is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

5. The defendants derive substantial revenue from goods used or consumed for services rendered in New York State.

**ANSWER:** Walter Meier admits only that it has, in the past, transacted business in the State of New York. Walter Meier is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

6. The defendants should have expected or reasonably expected acts done by it to have consequences within the State of New York.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

7. At all times herein mentioned, the defendants were engaged in the business of manufacturing and distributing and maintaining a saw, and while regularly engaged in said business, did manufacture, packaged and/or distribute, sell, service and maintain the accident involved saw whose serial is JTAS-10-3. A

photo of the accident saw is annexed forming part of this complaint.

**ANSWER:** Walter Meier admits only that it has, in the past, manufactured and distributed certain saws. Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8. That on or about April 28, 2010, the Plaintiff was employed by SPRING SCAFFOLDING COMPANY, located at 2880 Borden Avenue, Long Island City, New York.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. That on or about the 28th day of April 2010, the Plaintiff was working with the said saw at the premises housing the SPRING SCAFFOLDING COMPANY.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Plaintiff was seriously injured on the above date.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. The aforesaid injury was due solely to the negligence, carelessness and recklessness of the defendants herein.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

12. All of the foregoing occurred without any negligence on the part of the Plaintiff contributing thereto.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. By reason of the foregoing, the Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

## SECOND CAUSE OF ACTION

14. The defendant herein each in connection with their business activities aforementioned warranted and represented expressly and implied that the accident saw was fit, capable and suitable for the use and purposes intended and that same was of merchantable quality and the same was safe and not dangerous and improper.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Plaintiff was entitled to rely upon the warranty of merchantability and fitness for use.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Plaintiff relied upon the skill and judgment of the named defendants and representations and warranties aforementioned.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Said representations and warranties were false, misleading and inaccurate in that the said product saw was and proved to be unsafe, dangerous, improper and not of merchantable quality and defective with lack of proper guarding rendering it unsafe in the work place.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

18. Defendants were in breach of express warranty.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

19. Plaintiff was seriously injured.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. By reason of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

### THIRD CAUSE OF ACTION

21. By reason of the foregoing, the defendants were in breach of implied warranty.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

22. Plaintiff was seriously injured.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. By reason of the foregoing, the Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

### FOURTH CAUSE OF ACTION

24. Said product saw was in a defective, unsafe and hazardous condition and was defectively designed in a manner which was unnecessarily unsafe and dangerous.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

25. Said product saw was highly defective and dangerous and was maintained improperly by defendants.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

26. Said defects and dangerous conditions were of a substantial factor in bringing about the Plaintiff's injuries and were known or in the exercise of reasonable care should have been known to the defendants.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

27. At the time of the occurrence herein, the product saw referred to was being used for the purpose and in the manner normally intended.

**ANSWER:** Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. Plaintiff could not by the exercise of reasonable care have discovered the defects or hazards or perceived their dangers.

**ANSWER:** Walter Meier denies that the subject saw was defective. Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

29. Plaintiff was seriously injured. The product saw was defective at the time of manufacture and/or distribution.

**ANSWER:** Walter Meier denies that the subject saw was defective. Walter Meier is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

30. By reason of the foregoing, defendants have become strictly liable in tort to the Plaintiff.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

31. That by reason of the foregoing, the Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS.

**ANSWER:** Walter Meier denies the allegations contained in this paragraph.

WHEREFORE, Walter Meier denies that Plaintiff is entitled to damages, interest, costs and/or disbursements. Walter Meier thus demands judgment in its favor and against Plaintiff. Walter Meier also requests such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims may be barred by the applicable statute of limitations or repose, or by the doctrine of laches.

### Second Affirmative Defense

Plaintiff's claims may be barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the product's limited warranty.

### Fourth Affirmative Defense

Plaintiff's claims may be barred in whole or in part because of the material misuse, abuse or alteration of the product in question.

### Fifth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrine of contributory negligence.

### Sixth Affirmative Defense

Plaintiff's claims may be barred in whole or in part as the result of his express or implied assumption of risks, dangers or hazards known by plaintiff.

### Seventh Affirmative Defense

Plaintiff's claims may be barred in whole or in part due to the fault of other parties or entities over which Walter Meier has no control, right to control, and for whose conduct Walter Meier is not liable.

### Eighth Affirmative Defense

Plaintiff's claims may be barred in whole or in part because said injuries were the result of an open and obvious danger or hazard known to plaintiff.

### Ninth Affirmative Defense

Plaintiff's claims, based upon express and implied warranties, may be barred in whole or in part by plaintiff's failure to give timely notice of said alleged breach.

### Tenth Affirmative Defense

Any recovery by Plaintiff must be reduced by collateral source payments pursuant to CPLR Sec. 4545(c).

### Eleventh Affirmative Defense

If WMH is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable, and therefore Walter

- 9 -

Meier's liability shall be limited to its equitable share pursuant to CPLR Article 16.

Dated: November 9, 2010

                WMH TOOL GROUP, INC.

                By: *[signature]*
                Joshua D. Lee
                Jill Berry
                SCHIFF HARDIN LLP
                900 Third Avenue
                Twenty-Third Floor
                New York, NY 10022
                Tel: (212) 753-5000
                Fax: (212) 753-5044

CH2\9260677.2