UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JASON MARTIN,

    Plaintiff,

v.

JET EQUIPMENT & TOOLS, INC., and "John Does, Inc.,"
entities presently Unknown, intended to be distributors,
Suppliers, and repairers of tilting ARBOR SAW, Model
JTAS-10-3, and WALTER MEIER MANUFACTURING
CORP.,

    Defendant/Third-Party Plaintiff,

v.

OUTDOOR INSTALLATIONS, LLC D/B/A SPRING
SCAFFOLDING and METRIC SERVICES, INC.,

    Third-Party Defendants.
------------------------------------------------------------------------X

10-CV-05181 (ENV) (RER)

**SECOND AMENDED THIRD-PARTY COMPLAINT BY WALTER MEIER MANUFACTURING, INC. AGAINST OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING AND METRIC SERVICES, INC. PURSUANT TO FRCP 14**

   Defendant/third-party plaintiff Walter Meier Manufacturing, Inc. ("Walter Meier") (f/k/a JET Equipment & Tools, Inc."), improperly named herein as Walter Meier Manufacturing Corp., by its attorneys, Schiff Hardin LLP, for its Second Amended Third-Party Complaint against Outdoor Installations, LLC d/b/a Spring Scaffolding ("Outdoor Installations") and Metric Services, Inc. ("Metric Services"), alleges, upon information and belief, as follows:

### PARTIES

   1. Defendant/third-party plaintiff Walter Meier is a corporation organized under the laws of the State of Washington with a principal place of business in LaVergne, Tennessee.

2.	Upon information and belief, at all times hereinafter mentioned, third-party defendant Outdoor Installations was and is a New York corporation with a principal place of business at 28-20 Borden Avenue, Long Island City, New York 11101.

3.	Upon information and belief, at all times hereinafter mentioned, third-party defendant Outdoor Installations was and is a foreign corporation transacting business in the State of New York.

4.	Upon information and belief, at all times hereinafter mentioned, third-party defendant Outdoor Installations regularly does and/or solicits business in the State of New York.

5.	Upon information and belief, at all times hereinafter mentioned, third-party defendant Outdoor Installations is authorized to do business in the State of New York.

6.	Upon information and belief, at all times hereinafter mentioned, third-party defendant Metric Services was and is a New York corporation with a principal place of business at 28-20 Borden Avenue, Long Island City, New York 11101.

7.	Upon information and belief, at all times hereinafter mentioned, third-party defendant Metric Services was and is a foreign corporation transacting business in the State of New York.

8.	Upon information and belief, at all times hereinafter mentioned, third-party defendant Metric Services regularly does and/or solicits business in the State of New York.

9.	Upon information and belief, at all times hereinafter mentioned, third-party defendant Metric Services is authorized to do business in the State of New York.

## JURISDICTION

10. This Court has supplemental jurisdiction over Walter Meier's claims against Outdoor Installations and Metric Services pursuant to 28 U.S.C. § 1367, as the claims form part of the same case or controversy with the original action.

## CLAIMS AGAINST OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING AND METRIC SERVICES, INC. FOR CONTRIBUTION AND INDEMNIFICATION PURSUANT TO FRCP 14

11. On September 29, 2010, Plaintiff, Jason Martin, filed an Amended Complaint against Walter Meier in the Supreme Court for the State of New York, County of Kings. The Amended Complaint is attached hereto as Exhibit A.

12. On November 9, 2010, Walter Meier removed Plaintiff's action from the Supreme Court for the State of New York to this Court. The Notice of Removal is attached hereto as Exhibit B.

13. In Walter Meier's Answer and Affirmative Defenses, which is incorporated herein, Walter Meier has denied any liability to Plaintiff. Walter Meier's Answer and Affirmative Defenses is attached hereto as Exhibit C.

14. By the allegations in his complaint, Plaintiff alleges that, on April 28, 2010, he was seriously injured while working with a saw manufactured and/or distributed by Walter Meier.

15. Plaintiff alleges that his injury occurred on the premises housing Outdoor Installations.

16. Plaintiff alleges that his injury occurred on the premises housing Metric Services.

17. On April 28, 2010, and at all times relevant, Plaintiff was employed by Outdoor Installations.

18. On April 28, 2010, and at all times relevant, Plaintiff was employed by Metric Services, Inc.

19. New York Workers' Compensation Law Section 11 allows a defendant to file a third-party action against an employer for contribution and indemnification in such a case where an employee has sustained a "grave injury".

20. Upon information and belief, the injuries sustained by Plaintiff, if proven as alleged, constitute "grave injury" as defined by New York Workers' Compensation Law Section 11.

21. If Plaintiff was caused to sustain any loss or damage through any carelessness, recklessness, negligence or breach of express or implied warranty or on any other legal theory, the said loss or damage was caused by reason of the active and primary carelessness, fault, recklessness and negligence of third-party defendant Outdoor Installations, and for which primary and active carelessness, fault, recklessness and negligence of defendant/third-party plaintiff Walter Meier was secondary or partial. If any judgment is recovered herein by Plaintiff against defendant/third-party plaintiff Walter Meier, upon any legal theory, Walter Meier will be damaged thereby, and third-party defendant Outdoor Installations will be primarily liable therefor.

22. If Plaintiff was caused to sustain any loss or damage through any carelessness, recklessness, negligence or breach of express or implied warranty or on any other legal theory, the said loss or damage was caused by reason of the active and primary carelessness, fault, recklessness and negligence of third-party defendant Metric Services, and for

4

which primary and active carelessness, fault, recklessness and negligence of defendant/third-party plaintiff Walter Meier was secondary or partial. If any judgment is recovered herein by Plaintiff against defendant/third-party plaintiff Walter Meier, upon any legal theory, Walter Meier will be damaged thereby, and third-party defendant Metric Services will be primarily liable therefor.

23. By reason of the foregoing, third-party defendant Outdoor Installations will be liable to defendant/third-party plaintiff Walter Meier, in indemnity and/or contribution in whole or in part, in the event of any recovery herein by Plaintiff against defendant/third-party plaintiff Walter Meier, and by reason of which the respective degrees of culpability and apportioned responsibility should be determined in this action.

24. By reason of the foregoing, third-party defendant Metric Services will be liable to defendant/third-party plaintiff Walter Meier, in indemnity and/or contribution in whole or in part, in the event of any recovery herein by Plaintiff against defendant/third-party plaintiff Walter Meier, and by reason of which the respective degrees of culpability and apportioned responsibility should be determined in this action.

WHEREFORE, Walter Meier demands judgment against Outdoor Installations and Metric Services for contribution and/or indemnification, in whole or in part, for the amount of any judgment, verdict or portion thereof which may be obtained against it by Plaintiff, together with the costs and disbursements of this action, and such further relief as to this Court seems just and proper.

Dated: New York, New York
       April 25, 2011

                                            Paul A. Scrudato
                                            Jill Berry
                                            SCHIFF HARDIN LLP
                                            900 Third Avenue
                                            New York, NY 10022
                                            pscrudato@schiffhardin.com
                                            jberry@schiffhardin.com
                                            Tel: (212) 753-5000
                                            Fax: (212) 753-5044

                                            *Attorneys for Defendant/Third-Party Plaintiff*
                                            *Walter Meier Manufacturing, Inc.*

CH2\9893289.1