UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x      10 CV 05181 (ENV) (RER)
JASON MARTIN,

                                    Plaintiff,

                                                                  **ANSWER TO SECOND**
            -against-                                             **AMENDED THIRD-PARTY**
                                                                  **COMPLAINT**
JET EQUIPMENT & TOOLS, INC. and "John Does,
Inc.," entities presently Unknown, intended to be
distributors, Suppliers, and repairers of tilting
ARBOR SAW, Model JTAS-10-3, and WALTER
MEIER MANUFACTURING CORP.,

                        Defendant/Third-Party Plaintiff,

            v.

OUTDOOR INSTALLATIONS, LLC D/B/A
SPRING SCAFFOLDING and METRIC SERVICES,
INC.

                        Third-Party Defendants.
            -----------------------------------------------------------x

            Third-Party Defendant, **Outdoor Installations, LLC d/b/a Spring Scaffolding**

by LONDON FISCHER LLP, as Trial Counsel to Gregory J. Allen, General Attorney for the

New York State Insurance Fund, as and for its Answer to the Second Amended Third-Party

Complaint, alleges upon information and belief, as follows:

                        <u>AS AND FOR AN ANSWER TO PARTIES</u>

            FIRST:    Denies knowledge or information sufficient to form a belief as to the

truth of each and every allegation contained in paragraph "1" in the Second-Amended Third-

Party Complaint.

SECOND:     Denies each and every allegation contained in paragraphs "2" and "3" in the Second-Amended Third-Party Complaint.

THIRD:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs, "6", "7", "8", and "9" in the Second-Amended Third-Party Complaint.

FOURTH:        Third-Party Defendant, Outdoor Installations, LLC admits so much of the allegations as contained in paragraphs "4" and "5" as alleges that on April 28, 2010 Outdoor Installations, LLC was authorized to do business in the State of New York and otherwise denies each and every allegation contained herein.

## AS AND FOR AN ANSWER TO JURISDICTION

FIFTH:    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Second Amended Third-Party Complaint respectfully submits all questions of law and/or fact to the Court..

## AS AND FOR CLAIMS AGAINST OUTDOOR INSTALLATIONS, LLC

SIXTH: Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "11", "12", "13", "15", "16" and "18" of the Second Amended Third-Party Complaint.

SEVENTH:        Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "14", "19" "22", and "24" of the Second Amended Third-Party Complaint and respectfully submits all question of law to the Court.

EIGHTH:        Admit so much of the allegations contained in paragraph "17" of the Second Amended Third-Party Complaint as alleges that on April 28, 2010, plaintiff was a special employee of Outdoor Installations, LLC, otherwise denies each and every allegation contained herein.

NINTH: Denies each and every allegation contained in paragraphs "20" and "21" and "23" of the Second Amended Third-Party Complaint and respectfully submits all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

TENTH:        Whatever injuries and/or damages the Plaintiff may have sustained at the time and place mentioned in the Complaint and/or as a result of the occurrence alleged in the Complaint, all of which is denied by this Answering Third-Party Defendant, were caused in whole or in part by the culpable conduct of the Plaintiff.   The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

## SECOND AFFIRMATIVE DEFENSE

ELEVENTH:        All risks and danger of loss or damages connected with the situation alleged in the Complaint were at the time and place mentioned obvious and apparent and were known by the Plaintiff and voluntarily assumed by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

TWELFTH:        The injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom Answering Third-Party Defendant neither had nor exercised control.

{N0322812.1 }

## FOURTH AFFIRMATIVE DEFENSE

THIRTEENTH:      The liability of this Answering Third-Party Defendant is limited by the provisions of Article 16 of the Civil Practice Law and Rules.

## FIFTH AFFIRMATIVE DEFENSE

FOURTEENTH:      Any verdict, judgment or decision that might be obtained by Plaintiff against this Answering Third-Party Defendant shall be reduced by the amount of any collateral source payments received by Plaintiff pursuant to CPLR §4545(c) as determined by the Court.

## SIXTH AFFIRMATIVE DEFENSE

FIFTEENTH:     Upon information and belief, that the products which form the subject of this lawsuit were misused, mishandled, abused and otherwise improperly operated, used and maintained by the Plaintiff and by others over whom the Answering Third-Party Defendant neither had nor exercised control so as to proximately cause or contribute to the events, happenings and damages referred to in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH:      The Second Amended Third-Party Complaint fails to state a cause of action.

## EIGHTH AFFIRMATIVE DEFENSE

SEVENTEENTH:  The negligence of those responsible for the accident or the occurrence alleged in the Complaint constituted a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the accident or occurrence alleged.

{N0322812.1 }

## NINTH AFFIRMATIVE DEFENSE

EIGHTEENTH:          The cause of action is barred by virtue of §11 of the New York State Workers' Compensation Laws in that plaintiff did not sustain a grave injury as therein defined.

## TENTH AFFIRMATIVE DEFENSE

NINETEENTH:          There was no contract between Outdoor Installations, LLC and Defendant/Third-Party Plaintiff on the date of loss.

## ELEVENTH AFFIRMATIVE DEFENSE

TWENTIETH:          To the extent that plaintiff is determined to be a special employee of Outdoor Installations, LLC this action is barred by the applicable Workers' Compensation laws.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST WALTER MEIER MANUFACTURING CORP.

TWENTY-FOURTH:          Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Complaint, all of which is denied by this answering Third-Party Defendant Outdoor Installations, LLC said damages were caused by the negligence, culpable conduct and/or wrongful acts of the Defendant/Third-Party Plaintiff Walter Meier Manufacturing Corp. its agent, servants and/or employees, and not through any acts of negligence, culpable or wrongful conduct on the part of this answering Third-Party Defendant Outdoor Installations, LLC, its agents, servants, and/or employees.

TWENTY-FIVE:          By reason of the foregoing, Third-Party Defendant Outdoor Installations, LLC is entitled to full indemnity and/or contribution from, and to judgment over and against Defendant/Third-Party Plaintiff Walter Meier Manufacturing Corp.

{N0322812.1 }

for indemnification, or for contribution in the amount of the excess paid by Outdoor Installations, LLC, over and above its equitable share of the judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution.

## AS AND FOR A SECOND COUNTERCLAIM AGAINST
## WALTER MEIER MANUFACTURING CORP.

TWENTY-FIRST:        Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Complaint, all of which is denied by this answering Third-Party Defendant, Outdoor Installations, LLC, said damages were caused by the improper design, manufacture, sale and failure to warn and other wrongful acts of the Defendant/Third-Party Plaintiff Walter Meier Manufacturing Corp., its agents, servants and/or employees, and not through any acts of negligence, culpable or wrongful conduct on the part of this answering Third-Party Defendant, Outdoor Installations, LLC, its agents, servants and/or employees.

TWENTY-SECOND:        By reason of the foregoing, Third-Party Defendant Outdoor Installations, LLC, is entitled to full indemnity and/or contribution from, and to judgment over and against Defendant/Third-Party Plaintiff, Walter Meier Manufacturing Corp. for indemnification, or for contribution in the amount of the excess paid by Third-Party Defendant Outdoor Installations, LLC, over and above its equitable share of the judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution.

## AS AND FOR A FIRST CROSS CLAIM AGAINST
## METRIC SERVICES, INC.

TWENTY-THIRD:   That by reason of the foregoing, if there shall be any verdict or judgment rendered upon account of any of the allegations or damages set forth in

Plaintiff's Complaint in favor of the plaintiff, such verdict or judgment should be rendered and/or entered against Metric Services, Inc. in whole or in part and the answering Third-Party Defendant Outdoor Installations, LLC shall be entitled to judgment over upon the basis of contribution and proportionate responsibility attributable to Metric Services, Inc.

## AS AND FOR A SECOND CROSS CLAIM AGAINST METRIC SERVICES, INC.

TWENTY-FOURTH:     That by reason of the foregoing, if there shall be any verdict or any judgment rendered upon account of any of the allegations or damages as set forth in Plaintiff's Complaint in favor of the plaintiff, such verdict or judgment should be rendered and/or entered against Metric Services, Inc. solely and completely and the answering Third-Party Defendant Outdoor Installations, LLC, shall be entitled to judgment over upon the basis of complete indemnification from Metric Services, Inc. for the full amount of any recovery obtained by the plaintiff, including all costs, disbursements and attorneys' fees.

WHEREFORE, Third-Party Defendant, **Outdoor Installations, LLC d/b/a Spring Scaffolding**, respectfully prays that the Court enter a judgment dismissing Defendant/Third Party Plaintiff's Second Amended Complaint with prejudice in its entirety, denying each and every demand and prayer for relief therein; awarding Third-Party Defendant Outdoor Installations, LLC reasonable attorneys' fees and costs, and granting Third-Party Defendant Outdoor Installations, LLC such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 12, 2011

LONDON FISCHER LLP

By: Michael J. Carro (# 5452   )
Trial Counsel to Gregory J. Allen, Esq.
For The New York State Insurance Fund
Attorneys for Third-Party Defendant
OUTDOOR INSTALLATIONS, LLC
59 Maiden Lane, 41st Floor
New York, NY 10038
(212) 972-1000

To:

Schiff Hardin, LLP
*Attorneys for Defendant/Third-Party Plaintiff*
WALTER MEIER MANUFACTURING, INC.
900 Third Avenue
New York, New York 10022

George N. Statfeld, P.C.
3 West 35th Street
New York, New York 10001

Metric Services, Inc.
*Third-Party Defendant*
2820 Borden Avenue
Long Island City, New York  11101
(718) 937-2091

{N0322812.1 }

## CORPORATE VERIFICATION

STATE OF NEW YORK     )
                         )     ss.:
COUNTY OF QUEENS     )

        M. MARDSEN SCHERER, Esq. being duly sworn, states as follows:

        Deponent is the Corporate Counsel of OUTDOOR INSTALLATIONS, LLC, Third-Party Defendant in the within action. Deponent has read the foregoing Answer and knows the contents thereof to be true based on deponent's own knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true.

        The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are information contained in the files of OUTDOOR INSTALLATIONS, LLC and conversations with its employees.

                                                      _____
                                                   M. MARDSEN SCHERER

Sworn to before me this
/2 day of May, 2011

_____
Notary Public

DEBRA A. GAZER
Notary Public, State of New York
No. 01GA6016955
Qualified in Queens County
Commission Expires Nov. 30, 20 14

{N0322371.1 }