UNITED STATES DISTRICT COURT                                    6205-95
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
JASON MARTIN,                                   Index No. 10-CV-
                                                05181 (ENV)(RER)
                    Plaintiff,

        v.

JET EQUIPMENT & TOOLS, INC., and "John          **ANSWER**
Does, Inc.," entities presently                 **TO SECOND AMENDED**
Unknown, intended to be distributors,           **THIRD-PARTY**
Suppliers, and repairers of tilting             **COMPLAINT PURSUANT**
ARBOR SAW, Model JTAS-10-3, and WALTER           **TO FRCP 14**
MEIER MANUFACTURING CORP.,

                    Defendant/Third-
                    Party Plaintiff,

        v.

OUTDOOR INSTALLATIONS, LLC D/B/A SPRING
SCAFFOLDING and METRIC SERVICES, INC.,

                    Third-Party
                    Defendants.
-------------------------------------X


        Third-Party Defendant, METRIC SERVICES, INC., by Cullen

and Dykman LLP, Trial Counsel for Gregory J. Allen, Esq., New

York State Insurance Fund, counsel to third-party defendant

Metric Services, Inc. as and for its answer to the Second

Amended Third-Party Complaint, alleges, upon information and

belief, as follows:

                 <u>AS AND FOR AN ANSWER TO PARTIES</u>

        FIRST:   Denies knowledge or information sufficient to

form a belief as to the allegations contained in paragraphs

"1", "2", "3", "4", and "5" of the Second Amended Third-Party Complaint.

SECOND:   Denies each and every allegation contained in paragraph "7" of the Second Amended Third-Party Complaint

THIRD:   Admits to those portions of the allegations contained in paragraphs "8" and "9" as allege that on April 28, 2010 METRIC SERVICES, INC. was authorized to do business in the State of New York and otherwise denies each and every allegation contained therein.

## AS AND FOR AN ANSWER TO JURISDICTION

FOURTH:   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Second Amended Third-Party Complaint and respectfully submits all questions of law and/or fact to the court.

## AS AND FOR AN ANSWER TO CLAIMS AGAINST OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING AND METRIC SERVICES, INC. FOR CONTRIBUTION AND INDEMNIFICATION PURSUANT TO FRCP § 14

FIFTH:   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "11", "12", "13", "15", "16", "21" and "23" of the Second Amended Third-Party Complaint.

SIXTH:   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "14", "17" and "19" of the Second Amended Third-Party Complaint

and respectfully refers all questions of law and/or fact to the court.

SEVENTH: Denies each and every allegation contained in paragraphs "20", "22" and "24" of the Second Amended Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

EIGHTH: Whatever injuries and/or damages the Plaintiff may have sustained at the time and place mentioned in the Complaint and/or as a result of the occurrence alleged in the Complaint, all of which is denied by this Answering Third-Party Defendant, were caused in whole or in part by the culpable conduct of the Plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said injuries.

## SECOND AFFIRMATIVE DEFENSE

NINTH: All risks and danger of loss or damages connected with the situation alleged in the Complaint were at the time and place mentioned obvious and apparent and were known by the Plaintiff and voluntarily assumed by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

TENTH: The injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom

Answering Third-Party Defendant neither had nor exercised control.

### FOURTH AFFIRMATIVE DEFENSE

ELEVENTH: The liability of this Answering Third-Party Defendant is limited by the provisions of Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

TWELFTH: Any verdict, judgment or decision that might be obtained by Plaintiff against this Answering Third-Party Defendant shall be reduced by the amount of any collateral source payments received by Plaintiff pursuant to CPLR §4545(c) as determined by the Court.

### SIXTH AFFIRMATIVE DEFENSE

THIRTEENTH: Upon information and belief, that the product which forms the subject of this lawsuit was misused, mishandled, abused and otherwise improperly operated, used and maintained by the Plaintiff and by others over whom the Answering Third-Party Defendant neither had nor exercised control so as to proximately cause or contribute to the events, happenings and damages referred to in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

FOURTEENTH: The Second Amended Third-Party Complaint fails to state a cause of action.

## EIGHTH AFFIRMATIVE DEFENSE

FIFTEENTH:     The negligence of those responsible for the accident or the occurrence alleged in the Complaint constituted a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the accident or occurrence alleged.

## NINTH AFFIRMATIVE DEFENSE

SIXTEENTH:     The cause of action is barred by virtue of § 11 of the New York State Workers' Compensation Laws in that plaintiff did not sustain a grave injury as therein defined.

## TENTH AFFIRMATIVE DEFENSE

SEVENTEENTH:   There was no contract between METRIC SERVICES, INC. and Defendant/Third-Party Plaintiff on the date of loss.

## ELEVENTH AFFIRMATIVE DEFENSE

EIGHTEENTH:    This action is barred by the applicable Workers' Compensation laws.

## TWELFTH AFFIRMATIVE DEFENSE

NINETEENTH:    Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

TWENTIETH:    Upon information and belief, any damages sustained by plaintiff were proximately caused by plaintiff's unauthorized alteration and/or misuse of the product in issue.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST WALTER MEIER MANUFACTURING, INC. IMPROPERLY NAMED HEREIN AS WALTER MEIER MANUFACTURING CORP.

TWENTY-FIRST: Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Complaint, all of which is denied by this answering Third-Party Defendant METRIC SERVICES, INC., said damages were caused by the negligence, culpable conduct and/or wrongful acts of the Defendant/Third-Party Plaintiff Walter Meier Manufacturing Inc. its agent, servants and/or employees, and not through any acts of negligence, culpable or wrongful conduct on the part of this answering Third-Party Defendant METRIC SERVICES, INC., its agents, servants, and/or employees.

TWENTY-SECOND: By reason of the foregoing, Third-Party Defendant METRIC SERVICES, INC. is entitled to full indemnity and/or contribution from, and to judgment over and against Defendant/Third-Party Plaintiff Walter Meier Manufacturing Inc. for indemnification, or for contribution in the amount of the excess paid by METRIC SERVICES, INC, over and above its equitable share of the judgment, verdict and/or recovery, as

determined in accordance with the relative culpability of each party liable for contribution.

### AS AND FOR A SECOND COUNTERCLAIM AGAINST WALTER MEIER MANUFACTURING, INC. IMPROPERLY NAMED HEREIN AS WALTER MEIER MANUFACTURING CORP.

TWENTY-THIRD:  Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Complaint, all of which is denied by this answering Third-Party Defendant, METRIC SERVICES, INC., said damages were caused by the improper design, manufacture, sale and failure to warn and other wrongful acts of the Defendant/Third-Party Plaintiff Walter Meier Manufacturing Inc., its agents, servants and/or employees, and not through any acts of negligence, culpable or wrongful conduct on the part of this answering Third-Party Defendant, METRIC SERVICES, INC., its agents, servants and/or employees.

TWENTY-FOURTH: By reason of the foregoing, Third-Party Defendant METRIC SERVICES, INC., is entitled to full indemnity and/or contribution from, and to judgment over and against Defendant/Third-Party Plaintiff, Walter Meier Manufacturing Inc. for indemnification, or for contribution in the amount of the excess paid by Third-Party Defendant METRIC SERVICES, INC., over and above its equitable share of the judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution.

### AS AND FOR A FIRST CROSS CLAIM AGAINST
### OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING

TWENTY-FIFTH: That by reason of the foregoing, if there shall be any verdict or judgment rendered upon account of any of the allegations or damages set forth in Plaintiffs Complaint in favor of the plaintiff, such verdict or judgment should be rendered and/or entered against OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING in whole or in part and the answering Third-Party Defendant METRIC SERVICES, INC. shall be entitled to judgment over upon the basis of contribution and proportionate responsibility attributable to OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING.

### AS AND FOR A SECOND CROSS CLAIM AGAINST
### OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING

TWENTY-SIXTH: That by reason of the foregoing, if there shall be any verdict or any judgment rendered upon account of any of the allegations or damages as set forth in Plaintiff's Complaint in favor of the plaintiff, such verdict or judgment should be rendered and/or entered against OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING solely and completely and the answering Third-Party Defendant METRIC SERVICES, INC. shall be entitled to judgment over upon the basis of complete indemnification from OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING for the full amount of any

recovery obtained by the plaintiff, including all costs, disbursements and attorneys' fees.

WHEREFORE, Third-Party Defendant, METRIC SERVICES, INC., respectfully prays that the Court enter a judgment dismissing Defendant/Third Party Plaintiff's Second Amended Complaint with prejudice in its entirety, denying each and every demand and prayer for relief therein; awarding Third-Party Defendant METRIC SERVICES, INC., reasonable attorneys' fees and costs, and granting Third-Party Defendant METRIC SERVICES, INC. such other and further relief as the Court deems just and proper.

Dated:    Brooklyn, New York
          July 1, 2011

                              Yours, etc.

                              CULLEN AND DYKMAN LLP

                              By: _____
                                   Frank J. Lourenso (FJL3629)
                                   Trial Counsel to Gregory J.
                                   Allen, Esq., New York State
                                   Insurance Fund, counsel to
                                   third-party defendant Metric
                                   Services, Inc.
                                   177 Montague Street
                                   Brooklyn, New York  11201
                                   (718) 855-9000
                                   C&D File No. 6205-95 (FJL)

TO:  Paul A. Scrudato, Jill Berry, Esq.
     Schiff Hardin LLP
     Attorneys for Defendant/Third-Party
     Plaintiff, Walter Meier Manufacturing, Inc.
     900 Third Avenue
     New York, NY 10022
     (212) 753-5000

LONDON FISCHER LLP
By: Michael J. Carro (# 5452 )
Trial Counsel to Gregory J. Allen, Esq.
For The New York State Insurance Fund
Attorneys for Third-Party Defendant
OUTDOOR INSTALLATIONS, LLC D/B/A A
SPRING SCAFFOLDING
59 Maiden Lane, 41st Floor
New York, NY 10038
(212) 972-1000

George N. Statfeld, P.C.
Attorneys for Plaintiff, Jason Martin
3 West 35th Street
New York, New York 10001