UNITED STATES DISTRICT COURT                          6205-95
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
JASON MARTIN,                          Index No. 10-CV-05181
                                       (ENV)(RER)
                Plaintiff,

        v.

JET EQUIPMENT & TOOLS, INC., and "John    **ANSWER TO CROSS-**
Does, Inc.," entities presently           **CLAIMS OF THIRD-PARTY**
Unknown, intended to be distributors,      **DEFENDANT OUTDOOR**
Suppliers, and repairers of tilting        **INSTALLATIONS, LLC**
ARBOR SAW, Model JTAS-10-3, and WALTER      **D/B/A SPRING**
MEIER MANUFACTURING CORP.,                  **SCAFFOLDING**

                Defendant/Third-
                Party Plaintiff,

        v.

OUTDOOR INSTALLATIONS, LLC D/B/A SPRING
SCAFFOLDING and METRIC SERVICES, INC.,

                Third-Party
                Defendants.
---------------------------------------X


        Third-Party Defendant, METRIC SERVICES, INC., by Cullen

and Dykman LLP, Trial Counsel for Gregory J. Allen, Esq., New

York State Insurance Fund, counsel to third-party defendant

METRIC SERVICES, INC. as and for its answer to the Cross-Claims

of third-party defendant OUTDOOR INSTALLATIONS, LLC D/B/A

SPRING SCAFFOLDING alleges, upon information and belief, as

follows:

### AS AND FOR AN ANSWER TO FIRST
### CROSS-CLAIM AGAINST METRIC SERVICES, INC.

        FIRST:   Denies each and every allegation contained in

the First Cross-Claim against METRIC SERVICES, INC.

## AS AND FOR AN ANSWER TO SECOND
## CROSS-CLAIM AGAINST METRIC SERVICES, INC.

SECOND:   Denies  each  and  every  allegation  contained  in the Second Cross-Claim against METRIC SERVICES, INC.

### FIRST AFFIRMATIVE DEFENSE

THIRD:    Whatever  injuries  and/or  damages  the  Plaintiff may  have  sustained  at  the  time  and  place  mentioned  in  the Complaint and/or as a result of the occurrence alleged in the Complaint, all of which is denied by this Answering Third-Party Defendant,  were  caused  in  whole  or  in  part  by  the  culpable conduct  of  the  Plaintiff.  The  amount  of  damages  recovered,  if any,  shall  therefore  be  diminished  in  the  proportion  which  the culpable  conduct,  attributable  to  Plaintiff,  bears  to  the culpable conduct which caused said injuries.

### SECOND AFFIRMATIVE DEFENSE

FOURTH:   All   risks   and   danger   of   loss   or   damages connected  with  the  situation  alleged  in  the  Complaint  were  at the  time  and  place  mentioned  obvious  and  apparent  and  were known by the Plaintiff and voluntarily assumed by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

FIFTH:    The  injuries  and  damages  alleged  were  caused  by the culpable conduct of some third person or persons over whom Answering  Third-Party  Defendant  neither  had  nor  exercised control.

## FOURTH AFFIRMATIVE DEFENSE

SIXTH:   The   liability   of   this   Answering   Third-Party Defendant is limited by the provisions of Article 16 of the New York Civil Practice Law and Rules.

## FIFTH AFFIRMATIVE DEFENSE

SEVENTH:  Any verdict, judgment or decision that might be obtained   by   Plaintiff   against   this   Answering   Third-Party Defendant  shall  be  reduced  by  the  amount  of  any  collateral source payments received by Plaintiff pursuant to CPLR §4545(c) as determined by the Court.

## SIXTH AFFIRMATIVE DEFENSE

EIGHTH:   Upon   information   and   belief,   that   the   product which    forms    the    subject    of    this    lawsuit    was    misused, mishandled,  abused  and  otherwise  improperly  operated,  used  and maintained  by  the  Plaintiff  and  by  others  over  whom  the Answering   Third-Party   Defendant   neither   had   nor   exercised control so as to proximately cause or contribute to the events, happenings and damages referred to in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

NINTH:   The  Second  Amended  Third-Party  Complaint  fails to state a cause of action.

## EIGHTH AFFIRMATIVE DEFENSE

TENTH:   The   negligence   of   those   responsible   for   the accident or the occurrence alleged in the Complaint constituted

3

a separate, independent, superseding, intervening culpable act or acts which constitute the sole proximate cause of the accident or occurrence alleged.

### NINTH AFFIRMATIVE DEFENSE

ELEVENTH: The cause of action is barred by virtue of § 11 of the New York State Workers' Compensation Laws in that plaintiff did not sustain a grave injury as therein defined.

### TENTH AFFIRMATIVE DEFENSE

TWELFTH: There was no contract between METRIC SERVICES, INC. and Defendant/Third-Party Plaintiff on the date of loss.

### ELEVENTH AFFIRMATIVE DEFENSE

THIRTEENTH: This action is barred by the applicable Workers' Compensation laws.

### TWELFTH AFFIRMATIVE DEFENSE

FOURTEENTH: Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

FIFTEENTH: Upon information and belief, any damages sustained by plaintiff were proximately caused by plaintiff's unauthorized alteration and/or misuse of the product in issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

SIXTEENTH:     The cross-claims by OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING are barred by the anti-subrogation rule.

WHEREFORE, Third-Party Defendant, METRIC SERVICES, INC., respectfully prays that the Court enter a judgment dismissing Third Party Defendant's Cross-Claims with prejudice in their entirety, denying each and every demand and prayer for relief therein; awarding Third-Party Defendant METRIC SERVICES, INC., reasonable attorneys' fees and costs, and granting Third-Party Defendant METRIC SERVICES, INC. such other and further relief as the Court deems just and proper.

Dated:     Brooklyn, New York
           July 5, 2011

                              Yours, etc.

                              CULLEN AND DYKMAN LLP

                              By: _____
                                  Frank J. Lourenso(FJL3629)
                                  Trial Counsel to Gregory J.
                                  Allen, Esq., New York State
                                  Insurance Fund, counsel to
                                  third-party defendant Metric
                                  Services, Inc.
                                  177 Montague Street
                                  Brooklyn, New York  11201
                                  (718) 855-9000
                                  C&D File No. 6205-95(FJL)

TO:  Paul A. Scrudato, Jill Berry, Esq.
     Schiff Hardin LLP
     Attorneys for Defendant/Third-Party
     Plaintiff, Walter Meier Manufacturing, Inc.
     900 Third Avenue

New York, NY 10022
(212) 753-5000

LONDON FISCHER LLP
By: Michael J. Carro (# 5452 )
Trial Counsel to Gregory J. Allen, Esq.
For The New York State Insurance Fund
Attorneys for Third-Party Defendant
OUTDOOR INSTALLATIONS, LLC D/B/A A
SPRING SCAFFOLDING
59 Maiden Lane, 41st Floor
New York, NY 10038
(212) 972-1000

George N. Statfeld, P.C.
Attorneys for Plaintiff, Jason Martin
3 West 35th Street
New York, New York 10001

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                      ss:
COUNTY OF KINGS      )

ROSA CARRASCO, being duly sworn deposes and says:

I am not a party to this action, am over the age of 18 years, and reside in Richmond County, New York.

On July 5TH, 2011, I served the within **ANSWER TO CROSS-CLAIMS OF THIRD-PARTY DEFENDANT OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING** upon:

Paul A. Scrudato, Jill Berry, Schiff Hardin LLP, Attorneys for Defendant/Third-Party Plaintiff, Walter Meier Manufacturing, Inc.;

LONDON FISCHER LLP, By: Michael J. Carro (# 5452 ), Trial Counsel to Gregory J. Allen, Esq., For The New York State Insurance Fund Attorneys for Third-Party Defendant OUTDOOR INSTALLATIONS, LLC D/B/A SPRING SCAFFOLDING

George N. Statfeld, P.C., Attorneys for Plaintiff, Jason Martin

by depositing a true copy thereof in a properly sealed postpaid wrapper, in a post office receptacle regularly maintained by the Government of the United States, addressed as follows:

Paul A. Scrudato, Jill Berry
Schiff Hardin LLP
900 Third Avenue
New York, NY 10022

LONDON FISCHER LLP
By: Michael J. Carro
59 Maiden Lane, 41st Floor
New York, NY 10038

George N. Statfeld, P.C.
3 West 35th Street
New York, New York 10001

ROSA CARRASCO

Sworn to before me this
5th day of July, 2011

Notary Public

SUZETTE D. JEUDY
NOTARY PUBLIC, State of New York
No. 01JE5083733
Qualified in Kings County
Commission Expires Aug. 18, 20_13_

7