```
UNITED STATES DISTRICT COURT                          6205-95
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JASON MARTIN,                               Docket No. 10-CV-05181
                                            (ENV)(RER)
              Plaintiff,
    v.
                                            THIRD PARTY DEFENDANT
JET EQUIPMENT & TOOLS, INC., and "John      METRIC SERVICES, INC.'S
Does, Inc.," entities presently Unknown,    FIRST SET OF
intended to be distributors, Suppliers,     INTERROGATORIES
and repairers of tilting ARBOR SAW,         TO PLAINTIFF
Model JTAS-10-3, and WALTER MEIER
MANUFACTURING CORP.,

              Defendant/Third-
              Party Plaintiff,
    v.

OUTDOOR INSTALLATIONS, LLC D/B/A SPRING
SCAFFOLDING and METRIC SERVICES, INC.,

              Third-Party
              Defendants.
-----------------------------------X
```

Third-Party Defendant, METRIC SERVICES, INC., by Cullen and Dykman LLP, Trial Counsel to Gregory J. Allen, Esq., New York State Insurance Fund, counsel to third-party defendant METRIC SERVICES, INC., hereby requests pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure that Plaintiff, JASON MARTIN ("Plaintiff"), respond to each of the following Interrogatories, under oath, in writing, separately and in as full detail as possible within thirty (30) days of the service hereof.

## DEFINITIONS

As used in the following interrogatories:

1. "METRIC SERVICES" refers to third-party defendant METRIC SERVICES INC.

2. "WALTER MEIER" refers to defendant/third-party plaintiff WALTER MEIER MANUFACTURING INC. F/K/A JET EQUIPMENT & TOOLS, INC. I/N/A WALTER MEIER MANUFACTURING CORP. and its parents, subsidiaries, affiliates, officers, directors, employees and agents.

3. "OUTDOOR INSTALLATIONS" refers to third-party defendant OUTDOOR INSTALLATIONS LLC D/B/A SPRING SCAFFOLDING and its parents, subsidiaries, affiliates, officers, directors, employees and agents.

4. "Plaintiff" means plaintiff JASON MARTIN.

5. "Accident" means the accident made the basis of this suit occurring on April 28, 2010, and more particularly described in the Plaintiffs' pleadings herein.

6. "Date" means the exact day, month and year as certain as you can be, of if not, your best approximation thereof.

7. "Communication" means any transfer or exchange between two or more persons of any information whether by written or oral means, including, but not limited to, personal conversations, correspondence, e-mails, telephone calls and

telegrams. This definition includes all communications for which you claim privilege.

8. "Document" means any written, printed, typed, drawn, punched, taped, filmed, recorded or graphic matter, including drafts, which is or was in your possession, custody or control, or known to exist by you, including, but not limited to, any account, records, book, pamphlet, brochure, catalog, periodical, publication, advertisement, schedule, list, manual, letter, correspondence, telegram, telephone record, memorandum, contract, lease, invoice manifest, purchase order, ticket, log, compo0uter record, bulletin, study, survey, call report, sales letter, chart, graph, index, data sheet, inter-and intra-company communication, report, plan, work sheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, photograph, tape recording, video tape or other form of data compilation. This definition includes all documents for which privilege is claimed. If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any

other modification, each such non-identical copy is a separate document within the meaning of this definition.

9. "Identify" and "state the identity of" mean:

   a. When used with reference to a natural person, to state: (i) the person's full name; (ii) his or her present or last known business address and telephone number; and (iii) his or her present or last known home address and telephone number.

   b. When used with reference to an institution, organization, or business entity, to state: (i) the entity's legal name, and (ii) the location of each of its places of operation and main telephone number.

   c. When used with reference to a document, whether or not that document is presently in existence, to either produce that document or state: (i) the identify of the person who signed it or over whose name it was issued; (ii) the date of the document or, if undated, the date it was created, (iii) the nature and substance of the document or writing with sufficient particularity to enable the document to be identified; (iv) the identity of each person who created it or received an original or copy of it; (vi) if lost or destroyed, the date when lost or destroyed.

      d.    When used with reference to a communication, to state: (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation ; (iii) the identity of the participants; and (iv) the substantive information communicated.

10. The terms "plaintiff", "third-party plaintiff" "defendant" and "third-party defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

12. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13. The terms "all" and "each" shall be construed as all and each.

14. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request

all responses that might otherwise be construed to be outside of its scope.

15. In the context of an Interrogatory or a response thereto, whenever necessary to bring within the scope of the Interrogatory information that would otherwise be excluded therefore, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

16. Each Interrogatory not only calls for information known to plaintiff, but also calls for all information available to plaintiff through reasonable inquiry, including inquiry of plaintiffs' representatives and agents.

17. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference and meaning (without limitation) relating to, reading, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as result of, or in any way pertaining to.

18. These discovery requests are of a continuing nature, so as to require supplemental responses as appropriate.

**INSTRUCTIONS**

1. Each interrogatory is to be answered separately and under oath. The omission of any name, fact or other item of information from your answers shall be deemed a representation that such name, fact or information is not known to you at the time of the service of the answers to these interrogatories.

2. Each interrogatory is continuing so as to require the filing of supplemental answers in the event that you learn additional facts not set forth in your answers or discover that the information provided in your answers is incomplete or inaccurate. Such supplemental answers may be filed from time to time but not later than thirty (30) days after such information is received.

3. Except as allowed by FRCP 233(c), please do not incorporate by reference facts contained in documents or publications.

4. If you object to any interrogatory, or a portion thereof, please provide the grounds for such objection with specificity. If your objection relates to a portion of an interrogatory, please answer the remainder of such interrogatory.

5. In the event any information is withheld by you on the basis of any claim of privilege or of attorney work product, state in writing with respect to all such information withheld particulars sufficient to permit a determination of the validity

of that claim, including: (a) the name and position of each individual who has knowledge of the information; (b) the subject matter of the information; and (c) the grounds for the claim of privilege or attorney work product.

6. With respect to each document, or portion thereof, withheld from production, please state the nature of the document (e.g. letter, memorandum, computer printout, etc.) and the date of the document, identifying the persons who sent and received the original or a copy of the document, and state the subject matter of the document.

7. If you cannot answer one of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

8. Each Interrogatory not only calls for information known to plaintiff, but also calls for all information available to plaintiff through reasonable inquiry, including inquiry of plaintiffs' representatives and agents.

9. The answers are to be signed by the person making them, and the objections signed by the attorney making them.

10. Production of documents, if any, shall be at the Offices of Cullen and Dykman, 177 Montague Street, Brooklyn, New York 11201, or at such other place as agreed upon by the parties.

## INTERROGATORIES

1. Identify plaintiff fully, giving full name (as well as any other names by which he is known), date of birth, Social Security number, current residence address, occupation, and if married, provide the name of the spouse(s), and all residences for the last the (10) years.

2. Describe in full detail, including the exact date, place and time, how the alleged accident occurred, providing all events in detail in the order in which they occurred, which has any bearing on the cause and manner of the happening of the accident.

3. Specifically, describe the condition(s), defect(s) instrumentalities, omission(s), etc. alleged to have caused plaintiff's accident.

4. Separately set forth each and every act of commission or omission or recklessness of METRIC SERVICES, and all other named parties which constitutes any negligence which is alleged to have caused or contributed to the accident. In responding, do not reiterate the findings of any alleged experts; rather, set forth the specific allegations of negligence against each defendant. Each parties' acts of negligence are to be specifically and completely enumerated.

5. If you claim that METRIC SERVICES had actual or constructive notice of any defective or dangerous condition that

caused or contributed to the accident, set forth the details of the notice with specificity.

6. List each and every statute, law, ordinance, rule or regulation which METRIC SERVICES and all other named parties, are alleged to have violated, providing specific citations.

7. Provide the current occupation of plaintiff including the names and addresses of each employer from the time of the accident to present and their respective salaries.

8. List each and every injury plaintiff claims to have sustained as a result of the alleged accident and give a description of those which will be claimed to be of a permanent nature, if any.

9. State the length of time plaintiff will claim to have been confined to home and/or bed as a result of the alleged accident and the length of time plaintiff will claim to have been partially and/or totally disabled.

10. List each and every hospital and/or medical facility, out-patient department or clinic with the corresponding addresses, which treated each plaintiff for the injuries alleged to have resulted from this alleged accident along with the length of time plaintiff was confined to each, the dates of admissions and discharge and the names of all treating physicians or other health care personnel, and provide corresponding HIPPA compliant authorizations for each.

11. Set forth the amount claimed as special damages for medical services, lost earnings and any other item claimed as special damages incurred in connection with this alleged accident that plaintiff will claim resulted from this alleged accident.

12. If lost earnings are claimed, provide the dates plaintiff claims to have been incapacitated from employment and the name and address of the corresponding employer. If plaintiff claims lost income from self employment, provide the names and addresses and tax identification numbers of each business and the method in which the loss was calculated.

13. Provide the names and addresses of any witnesses to the alleged accident or any condition claimed to have caused or contributed to the accident.

14. Provide the name and addresses of all sources from which plaintiff received payments or is qualified to receive any benefit as a result of this alleged accident, including any file or claim numbers together with a verified statement describing all benefits received from any collateral source by plaintiff, including any benefits plaintiff will receive in the future as a result of this alleged accident.

15. Identify each and every witness including expert witnesses plaintiff intends to call as a witness to plaintiff's injuries or conditions which allegedly resulted from the accident.

16. State if plaintiff was covered under any health or medical insurance or benefit program and the name and address of the provider(s) and the plaintiff's group and/or member number.

17. State if plaintiff commenced any other action as a result of this alleged accident and provide names of the other defendants, the venue of the other action and the docket or index or other identifying information regarding the actions.

18. If plaintiff has ever suffered any injuries in any accident either prior or subsequent to the incident referred to in the complaint, state:

    (a) The date and place of such injury;

    (b) A detailed description of all the injuries received;

    (c) The names and addresses of any hospitals rendering treatment;

    (d) The names and addresses of all physicians, surgeons, osteopaths, chiropractors or other medical practitioners rendering treatment;

    (e) The nature and extent of recovery;

    (f) If any permanent disability was suffered the nature and extent of the permanent disability; and

    (g) Whether plaintiff was compensated in any manner for any such injury and by whom.

19. If plaintiff has ever had any serious illness, sickness, disease, surgical operation, either prior or subsequent to the incident referred to in the complaint, state:

    (a) The time and place of said illness;

    (b)    A description of symptoms;

    (c)    The names and addresses of any hospitals rendering treatment;

    (d)    The names and addresses of all physicians, surgeons, osteopaths, chiropractors or medical practitioners rendering treatment; and

    (e)    The approximate date of recovery or the date the condition became stationary, and a description of your condition at that time.

20. If plaintiff has have ever pleaded guilty or been convicted of any crime other than traffic violations, state the nature of the offense, the date of the offense, the county and state in which convicted, and the sentence received.

21. Identify any photographs, motion pictures, audiotapes or other forms of electronic records, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, the scene of the accident or the areas or persons or instrumentality(ies) involved made either before, after or at the time of the events in question, including any photographs made of the plaintiff at any time since the incident referred to in the Complaint, and, if so, as to each such item, state:

    (a)    Its nature;

    (b)    Its specific subject matter;

    (c)    The date it was made or taken;

    (d)    The name and last address of the person making or taking it;

    (e)    What each such item purports to show, illustrate or represent; and

    (f)    The name and address of the person having custody of such item.

22. If plaintiff has worn any type of orthopedic appliance as a result of the incident referred to in the Complaint, state the name of the doctor who fitted or prescribed the appliance, describe the appliance and state its cost, state when plaintiff started and stopped wearing said appliance, whether said appliance was worn constantly or intermittently during the foregoing period, and if intermittently, state the percentage of time which plaintiff wore said appliance.

23. If at the time of the incident referred to in the Complaint, plaintiff did not have 20-20 vision in each eye, state the nature of the vision deficiency, whether corrective lenses have been prescribed and, if so, the name and address of the person prescribing them, whether plaintiff's driver's license is restricted to glasses, and whether plaintiff was wearing glasses at the time of the incident in question.

24. If plaintiff has made any statement or statements in any form to any person, other than plaintiff's attorney, regarding any events or happenings referred to in plaintiff's Complaint, state:

    (a)    The names and addresses of the person or persons to whom such statements were made;

-14-

    (b)    The form of the statement whether written, oral, by recording device or to a stenographer;

    (c)    Whether said statements, if written, were signed; and

    (d)    The names and addresses of the persons presently having custody of such statement.

25. If plaintiff or plaintiff's attorney or anyone acting on plaintiff's behalf has obtained statements in any form from any persons regarding any of the events or happenings that occurred in regard to the incident referred to in the Complaint, state:

    (a)    The name and address of such person of whom such statements were taken;

    (b)    The date on which said statements were taken;

    (c)    The names and addresses of the persons who took such statements;

    (d)    The names and addresses of the persons having present custody of such statements; and

    (e)    Whether such statements were written, or recorded.

26. If plaintiff had any conversation with any of the defendants or third-party defendants immediately following the incident in question, state the nature of said conversation(s).

27. If plaintiff consumed any alcoholic beverage of any type, any sedative, tranquilizer or other drug, medicine or pill, during the 48 hours immediately preceding the incident referred to in the Complaint, state the nature, amount, type of item consumed, the amount of time over which the item was consumed, and the names

and addresses of any and all persons who have any knowledge as to the consumption of these items.

28. Set forth the basis for the allegations contained in paragraphs "8", "14", "17", "24", "25" and "26" of plaintiff's Amended Complaint.

Dated:   Brooklyn, New York
         July 12, 2011

                                  Yours, etc.

                                  CULLEN AND DYKMAN LLP

                                  By:

                                  Frank J. Lourenso(FJL3629)
                                  Trial Counsel to Gregory J. Allen, Esq., New York State Insurance Fund, counsel to third-party defendant Metric Services, Inc.
                                  177 Montague Street
                                  Brooklyn, New York   11201
                                  (718) 855-9000
                                  C&D File No. 6205-95(FJL)

TO:  Paul A. Scrudato, Jill Berry, Esq.
     Schiff Hardin LLP
     Attorneys for Defendant/Third-Party
     Plaintiff, Walter Meier Manufacturing, Inc.
     900 Third Avenue
     New York, NY 10022
     (212) 753-5000

     LONDON FISCHER LLP
     By: Michael J. Carro (# 5452 )
     Trial Counsel to Gregory J. Allen, Esq.
     For The New York State Insurance Fund
     Attorneys for Third-Party Defendant
     OUTDOOR INSTALLATIONS, LLC D/B/A A
     SPRING SCAFFOLDING
     59 Maiden Lane, 41st Floor
     New York, NY 10038
     (212) 972-1000

George N. Statfeld, P.C.
Attorneys for Plaintiff, Jason Martin
3 West 35th Street
New York, New York 10001

### CERTIFICATION OF SERVICE

The undersigned, an attorney, certifies that, on July 12, 2011, THIRD PARTY DEFENDANT METRIC SERVICES, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF dated July 12, 2011 were filed with the Clerk of the Court by using the CM/ECF system, which will send notification of the filing to all registered participants. Paper copies of this document will be sent to non-registered participants via U.S. Mail.

Dated:   Brooklyn, New York
         July 12, 2011

                              Yours, etc.

                              CULLEN AND DYKMAN LLP

                              By: _____
                                  Frank J. Lourenso (FJL3629)
                              Trial Counsel to Gregory J. Allen,
                              Esq., New York State Insurance Fund,
                              counsel to third-party defendant
                              Metric Services, Inc.
                              177 Montague Street
                              Brooklyn, New York 11201
                              Flourenso@cullenanddykman.com
                              (718) 855-9000
                              C&D File No. 6205-95(FJL)