UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No. 10-CV-05181
---------------------------------------X        (ENV)(RER)
JASON MARTIN,

                    Plaintiff,

     v.                                         **THIRD PARTY DEFENDANT
                                                METRIC SERVICES, INC.'s
JET EQUIPMENT & TOOLS, INC., and "John          FIRST SET OF
Does, Inc.," entities presently Unknown,        INTERROGATORIES TO
intended to be distributors, Suppliers,         DEFENDANT WALTER MEIER
and repairers of tilting ARBOR SAW,             MANUFACTURING INC.
Model JTAS-10-3, and WALTER MEIER               F/K/A JET EQUIPMENT &
MANUFACTURING CORP.,                            TOOLS, INC. I/N/A
                                                WALTER MEIER
                    Defendant/Third-            MANUFACTURING CORP.**
                    Party Plaintiff,

     v.

OUTDOOR INSTALLATIONS, LLC D/B/A SPRING
SCAFFOLDING and METRIC SERVICES, INC.,

                    Third-Party
                    Defendants.
---------------------------------------X

        Third-Party Defendant, METRIC SERVICES, INC., by Cullen and

Dykman LLP, Trial Counsel to Gregory J. Allen, Esq., New York

State Insurance Fund, counsel to third-party defendant METRIC

SERVICES, INC., hereby requests pursuant to Rules 33 and 36 of

the Federal Rules of Civil Procedure that defendant, WALTER

MEIER MANUFACTURING INC. F/K/A JET EQUIPMENT & TOOLS, INC. I/N/A

WALTER MEIER MANUFACTURING CORP.("Walter Meier"), respond to

each of the following interrogatories, under oath, in writing,

separately and in as full detail as possible within thirty (30)

days of the service hereof.

In answering each interrogatory:

(a)   Identify by date, sender, recipient, location, and custodian each document relied on or that forms a basis for the answer given or that corroborates the answer given or the substance of what is given in answer to those interrogatories;

(b)   State whether the information furnished is within the personal knowledge of the person answering, and if not, the name, if known, of each person to whom the information is a matter of personal knowledge;

(c)   Identify each person who assisted or participated in preparing or supplying any of the information given in answer to or relief on in preparing answers to these interrogatories; and

(d)   If you maintain that any document or record refers to or relates to anything about which these interrogatories ask has been destroyed, set forth the content of that document, the location of any copies of document, the date of destruction and the name of the person who ordered or authorized such destruction.

**DEFINITIONS**

As used in the following interrogatories:

1.    "METRIC SERVICES" refers to third-party defendant METRIC SERVICES INC.

2.    "WALTER MEIER" refers to defendant/third-party plaintiff WALTER MEIER MANUFACTURING INC., F/K/A JET

-2-

EQUIPMENT & TOOLS, INC. I/N/A WALTER MEIER MANUFACTURING CORP. and its parents, subsidiaries, affiliates, officers, directors, employees and agents.

3.   "OUTDOOR INSTALLATIONS" refers to third-party defendant OUTDOOR INSTALLATIONS LLC d/b/a SPRING SCAFFOLDING and its parents, subsidiaries, affiliates, officers, directors, employees and agents.

4.   "Plaintiff" means plaintiff JASON MARTIN.

5.   "Accident" means the accident made the basis of this suit occurring on April 28, 2010, and more particularly described in the Plaintiffs' pleadings herein.

6.   "Date" means the exact day, month and year as certain as you can be, or if not, your best approximation thereof.

7.   "Communication" means any transfer or exchange between two or more persons of any information whether by written or oral means, including, but not limited to, personal conversations, correspondence, e-mails, telephone calls and telegrams. This definition includes all communications for which you claim privilege.

8.   "Document" means any written, printed, typed, drawn, punched, taped, filmed, recorded or graphic matter,

including drafts, which is or was in your possession, custody or control, or known to exist by you, including, but not limited to, any account, records, book, pamphlet, brochure, catalog, periodical, publication, advertisement, schedule, list, manual, letter, correspondence, telegram, telephone record, memorandum, contract, lease, invoice manifest, purchase order, ticket, log, compo0uter record, bulletin, study, survey, call report, sales letter, chart, graph, index, data sheet, inter-and intra-company communication, report, plan, work sheet, note, bill, check, bank statement, ledger, journal, travel record, desk calendar, minutes, transcript, accounting record, financial record, bookkeeping record, photograph, tape recording, video tape or other form of data compilation.  This definition includes all documents for which privilege is claimed.  If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or any other modification, each such non-identical copy is a separate document within the meaning of this definition.

-4-

9.    "Identify" and "state the identity of" mean:

a.    When used with reference to a natural person, to state:

(i) the person's full name; (ii) his or her present or last known business address and telephone number; and (iii) his or her present or last known home address and telephone number.

b.    When used with reference to an institution, organization, or business entity, to state: (i) the entity's legal name, and (ii) the location of each of its places of operation and main telephone number.

c.    When used with reference to a document, whether or not that document is presently in existence, to either produce that document or state: (i) the identify of the person who signed it or over whose name it was issued; (ii) the date of the document or, if undated, the date it was created, (iii) the nature and substance of the document or writing with sufficient particularity to enable the document to be identified; (iv) the identity of each person who created it or received an original or copy of it; (vi) if lost or destroyed, the date when lost or destroyed.

d.    When used with reference to a communication, to state: (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence,

-5-

personal conversation ; (iii) the identity of the participants; and (iv) the substantive information communicated.

10.  The terms "plaintiff", "third-party plaintiff" "defendant" and "third-party defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

12.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

13.  The terms "all" and "each" shall be construed as all and each.

14.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

-6-

15. In the context of an Interrogatory or a response thereto, whenever necessary to bring within the scope of the Interrogatory information that would otherwise be excluded therefore, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

16. Each Interrogatory not only calls for information known to plaintiff, but also calls for all information available to plaintiff through reasonable inquiry, including inquiry of plaintiffs' representatives and agents.

17. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference and meaning (without limitation) relating to, reading, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as result of, or in any way pertaining to.

18. These discovery requests are of a continuing nature, so as to require supplemental responses as appropriate.

**INSTRUCTIONS**

1.   Each interrogatory is to be answered separately and under oath.  The omission of any name, fact or other item of information from your answers shall be deemed a representation that such name, fact or information is not known to you at the time of the service of the answers to these interrogatories.

2.   Each interrogatory is continuing so as to require the filing of supplemental answers in the event that you learn additional facts not set forth in your answers or discover that the information provided in your answers is incomplete or inaccurate.  Such supplemental answers may be filed from time to time but not later than thirty (30) days after such information is received.

3.   Except as allowed by FRCP 233(c), please do not incorporate by reference facts contained in documents or publications.

4.   If you object to any interrogatory, or a portion thereof, please provide the grounds for such objection with specificity.  If your objection relates to a portion of an interrogatory, please answer the remainder of such interrogatory.

5.   In the event any information is withheld by you on the basis of any claim of privilege or of attorney work product, state in writing with respect to all such information withheld

-8-

particulars sufficient to permit a determination of the validity of that claim, including: (a) the name and position of each individual who has knowledge of the information; (b) the subject matter of the information; and (c) the grounds for the claim of privilege or attorney work product.

6. With respect to each document, or portion thereof, withheld from production, please state the nature of the document (e.g. letter, memorandum, computer printout, etc.) and the date of the document, identifying the persons who sent and received the original or a copy of the document, and state the subject matter of the document.

7. If you cannot answer one of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

8. Each Interrogatory not only calls for information known to WALTER MEIER, but also calls for all information available to WALTER MEIER through reasonable inquiry, including inquiry of WALTER MEIER's representatives and agents.

9. The answers are to be signed by the person making them, and the objections signed by the attorney making them.

10.   Production of documents, if any, shall be at the Offices of Cullen and Dykman, 177 Montague Street, Brooklyn, New York 11201, or at such other place as agreed upon by the parties.

### INTERROGATORIES

1.   Set forth in detail the relationship between JET EQUIPMENT & TOOLS, INC. and WALTER MEIER MANUFACTURING, INC. i/s/a WALTER MEIER MANUFACTURING CORP. including if applicable, dates of purchase, incorporation, subsidiary creation and asset and/or liability purchase.

2.   Specifically, describe the condition(s), defect(s) instrumentalities, omission(s), etc. alleged to have caused plaintiff's accident.

3.   Separately set forth each and every act of commission or omission or recklessness of METRIC SERVICES, and all other named parties, which constitutes any negligence which is alleged to have cause or contributed to the accident.  In responding, do not reiterate the findings of any alleged experts; rather, set forth the specific allegations of negligence against each defendant.   Each parties' acts of negligence are to be specifically and completely enumerated.

4.   If you claim that METRIC SERVICES had actual or constructive notice of any defective or dangerous condition that

-10-

caused or contributed to the accident, set forth the details of the notice with specificity.

5.   List each and every statute, law, ordinance, rule or regulation which METRIC SERVICES, and all other named parties, are alleged to have violated, providing specific citations.

6.   State the names and social security numbers of all the WALTER MEIER employees, or other corporations or persons that were involved in either fabricating, manufacturing, maintaining, repairing, servicing, selling,  shipping, delivering, setting up, calibrating and/or adjusting the Arbor Saw Model JTAS-10-3 in issue.

7.   Set forth the length of time that each of the employees indicated in Interrogatory "6" have worked with WALTER MEIER or, if they are still employed with WALTER MEIER.

8.   If the person(s) identified in response to items "6" and "7" are no longer employed with WALTER MEIER, provide their last known address.

9.   State the name and address of each person of whom you have any knowledge, direct or indirect, who saw or claims to have seen the accident made the basis of this suit.  If you do not know the name or address of any such person:

(a)   Describe each person to whom you have any knowledge, direct or indirect, who saw or

claims to have seen the accident which is the basis of this suit; and

(b) State the name and address of each person of whom you have knowledge, direct or indirect, who claims to know someone else who saw or claims to have seen the accident or claims to have any knowledge concerning the same.

10. State:

(a) Whether WALTER MEIER has ever been involved in any other legal action regarding the model saw in issue either as a plaintiff or as a defendant;

(b) If so, the date and place each such action was filed;

(c) The name of the Court in which it was filed;

(d) The name or names of the other party or parties to the action;

(e) The name or names of the attorney or attorneys representing each party; and

(f) The outcome of such action.

-12-

11.  All manifests, invoices, bills, logs, bills of lading and/or any other records regarding the Arbor Saw Model JTAS-10-3 in issue.

12.  Identify each individual who has made any inspection of the Arbor Saw Model JTAS-10-3 in issue and describe in detail the nature of each inspection.

13.  Describe any alterations made to the Arbor Saw Model JTAS-10-3 in issue or any tests or maintenance or calibrations or repairs performed on the Arbor Saw Model JTAS-10-3 in issue from the date of purchase/sole through the present.

14.  Set forth in detail the manner in which WALTER MEIER alleges the occurrence took place giving rise to plaintiff's alleged damages.

15.  Identify all correspondence exchanged between WALTER MEIER and any party to this action regarding the JTAS-10-3 in issue and attach a copy of each such document.

16.  If WALTER MEIER's third-party claim in this matter is based, in whole or in part, upon a contract, written agreement, oral agreement, or other writing:

(a)  set forth and describe said agreement in detail, and if written, annex a copy hereto;

(b)  state the date of the agreement;

(c)  set forth the parties to the agreement;

-13-

(d)  set  forth  the  names  and  addresses  of  all witnesses to the agreement; and

(e)  if the agreement was oral, annex hereto copies of any  documents  or  memoranda  that  reflect  the  nature  of  the agreement.

17.  Identify any photographs, motion pictures, audiotapes or other forms of electronic records, maps, drawings, diagrams, measurements,  surveys  or  other  descriptions  concerning  the events and happenings alleged in the Complaint, the scene of the accident  or  the  areas  or  persons  or  instrumentality(ies) involved made either before, after or at the time of the events in question, including any photographs made of the plaintiff at any time since the incident referred to in the Complaint, and, if so, as to each such item, state:

(a)  Its nature;

(b)  Its specific subject matter;

(c)  The date it was made or taken;

(d)  The name and last address of the person making or taking it;

(e)  What each such item purports to show, illustrate or represent; and

(f)  The  name  and  address  of  the  person  having custody of such item.

18.  If WALTER MEIER has made any statements in any form to any person, other than WALTER MEIER's attorney, regarding any

-14-

events or happenings referred to in plaintiff's Complaint, or
WALTER MEIER's third-party Complaint, state:

    (a)  The names and addresses of the person or persons to
         whom such statements were made;

    (b)  The form of the statement whether written, oral, by
         recording device or to a stenographer;

    (c)  Whether said statements, if written, were signed; and

    (d)  The names and addresses of the persons presently
         having custody of such statement.

19. If WALTER MEIER or WALTER MEIER's attorney or anyone
acting on WALTER MEIER's behalf has obtained statements in any
form from any persons regarding any of the events or happenings
that occurred in regard to the incident referred to in the
Complaint, state:

    (a)  The name and address of such person of whom such
         statements were taken;

    (b)  The date on which said statements were taken;

    (c)  The names and addresses of the persons who took
         such statements;

    (d)  The names and addresses of the persons having
         present custody of such statements; and

    (e)  Whether such statements were written, or
         recorded.

20. If WALTER MEIER had any conversation with any of the
defendants or third-party defendants immediately following the
incident in question, state the nature of said conversation(s).

21. Set forth the basis for the allegations contained in paragraphs "22" and "24" of WALTER MEIER's Second Amended Third Party Complaint.

22. State whether there was any investigation by any person or authority public or private, of the incident referred to in the complaint and if so, set forth:

        (a)   the nature of the investigation;

        (b)   the person or agency conducting the investigation;

        (c)   what each investigation consisted of;

        (d)   the identity of all individuals talked to, interrogated, or questioned during the investigations; and

        (e)   whether any reports were drafted as a result of the investigations, and if so, annex a copy of each such report hereto.

23. State whether WALTER MEIER has any record in any tangible form whatsoever, including but not limited to any memorandum, audio tape, advertising circulars, videotape, e-mail, film or photograph, which relates to the use of the Arbor Saw Model JTAS-10-3 in issue. If so, please state the name and last known address of the custodian of each such record and provide a copy of the records.

-16-

24. Please state the name and last known address of each and every witness, including expert witnesses, whom you expect or intend to call at the trial of this matter.

25. Please state whether you expect or intend to offer any demonstrative exhibit, including but not limited to models, experiments, charts, drawings, graphs, documents, whether or not modified in size from their original, photographs, films, videotapes, audio or visual recordings, as evidence at the trial of this matter?  If so, please state:

  a. The name, title, if applicable, and last known address of each person who has custody or control of any such demonstrative exhibit;

  b. The name, title, if applicable, and last known address of the witness through whom you expect or intend to offer such demonstrative exhibit as evidence or whom you expect or intend will testify as in such demonstrative exhibit.

26. Describe in detail any numbers or other markings that were printed, stenciled, embossed, or otherwise affixed to or placed on the Arbor Saw Model JTAS-10-3 in issue at the time of manufacture or distribution, and state for each item the specific purpose for each such number or marking.

27. Is the Arbor Saw Model Arbor Saw Model JTAS-10-3 in issue referred to in the complaint in this case now or has it ever been the subject of any government and/or industry trade

standards, regulations, codes or recommendations?  If so, state the source of each such standard, regulation, code or recommendation.   Please also state the name and last known address of each of your present and former employees who has knowledge regarding any such standard, regulation, code or recommendation in relation to the design, manufacture, marketing and/or installation by you of the subject product.

28. Is WALTER MEIER aware of any study, test, investigation or other inquiry conducted by any person or entity other than you for the purpose of determining the intended or foreseeable uses to which a product similar to the Arbor Saw Model JTAS-10-3 in issue in this case might be used?  If so, please state:

a.   The name and last known address of each such personal entity that conducted any such study, test, investigation or other inquiry;

b.   The location of each study, test, investigation or other inquiry;

c.   The dates upon which each such test, study, investigation or other inquiry was made;

d.   Dates upon which you first became aware of such study, test, investigation or other inquiry;

e.   Whether or not any record, in any tangible form whatsoever, of such study, test, investigation or other inquiry ever came into your possession, and if so, please state

-18-

whether or not such record still exists.  If so, please state the name and last known address of the custodian of such record.

Dated:   Brooklyn, New York
         July 15, 2011

                         Yours, etc.

                         CULLEN AND DYKMAN LLP

         By:  _____
         Frank J. Lourenso(FJL3629)
                         Trial Counsel to Gregory J. Allen,
                         Esq., New York State Insurance
                         Fund, counsel to third-party
                         defendant Metric Services, Inc.
                         177 Montague Street
                         Brooklyn, New York  11201
                         (718) 855-9000
                         C&D File No. 6205-95(FJL)

TO:  Paul A. Scrudato, Jill Berry, Esq.
     Schiff Hardin LLP
     Attorneys for Defendant/Third-Party
     Plaintiff, Walter Meier Manufacturing, Inc.
     900 Third Avenue
     New York, NY 10022
     (212) 753-5000

     LONDON FISCHER LLP
     By: Michael J. Carro (# 5452 )
     Trial Counsel to Gregory J. Allen, Esq.
     For The New York State Insurance Fund
     Attorneys for Third-Party Defendant
     OUTDOOR INSTALLATIONS, LLC D/B/A A
     SPRING SCAFFOLDING
     59 Maiden Lane, 41st Floor
     New York, NY 10038
     (212) 972-1000

     George N. Statfeld, P.C.
     Attorneys for Plaintiff, Jason Martin
     3 West 35th Street
     New York, New York 10001

-19-

## CERTIFICATION OF SERVICE

The undersigned, an attorney, certifies that, on July 15, 2011, THIRD PARTY DEFENDANT METRIC SERVICES, INC.'s FIRST SET OF INTERROGATORIES TO DEFENDANT WALTER MEIER MANUFACTURING INC. F/K/A JET EQUIPMENT & TOOLS, INC. I/N/A WALTER MEIER MANUFACTURING CORP. dated July 15, 2011 was filed with the Clerk of the Court by using the CM/ECF system, which will send notification of the filing to all registered participants. Paper copies of this document will be sent to non-registered participants via U.S. Mail.

Dated:     Brooklyn, New York
           July 15, 2011

                              Yours, etc.

                              CULLEN AND DYKMAN LLP

                              By:
                                   Frank J. Lourenso(FJL3629)
                              Trial Counsel to Gregory J.
                              Allen, Esq., New York State
                              Insurance Fund, counsel to
                              third-party defendant Metric
                              Services, Inc.
                              177 Montague Street
                              Brooklyn, New York 11201
                              Flourenso@cullenanddykman.com
                              (718) 855-9000
                              C&D File No. 6205-95(FJL)