```
SUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK              Docket No. 10-CV-05181
------------------------------------X     (ENV)(RER)
JASON MARTIN,

                    Plaintiff,
        v.                                **REQUEST TO PRODUCE**

JET EQUIPMENT & TOOLS, INC., and "John
Does, Inc.," entities presently Unknown,
intended to be distributors, Suppliers,
and repairers of tilting ARBOR SAW,
Model JTAS-10-3, and WALTER MEIER
MANUFACTURING CORP.,

                    Defendant/Third-
                    Party Plaintiff,
        v.

OUTDOOR INSTALLATIONS, LLC D/B/A SPRING
SCAFFOLDING and METRIC SERVICES, INC.,

                    Third-Party
                    Defendants.
------------------------------------X
```

C O U N S E L O R S:

PLEASE TAKE NOTICE, that pursuant to Rule 34 of the Federal Rules of Civil Procedure, demand is hereby made by Third-Party Defendant, METRIC SERVICES, INC., by Cullen and Dykman LLP, Trial Counsel to Gregory J. Allen, Esq., New York State Insurance Fund, counsel to third-party defendant METRIC SERVICES, INC., demand is hereby made upon all parties herein to produce at the office of the undersigned on the August 15, 2011, at 2:00 o'clock in the afternoon, for the purposes of discovery, reproduction, and inspection, the following items:

1.  Any and all accident reports with regard the subject of accident;

2. Copies of all documents detailing the relationship between OUTDOOR INSTALLATIONS and SPRING SCAFFOLDING including if applicable, dates of purchase, incorporation, subsidiary creation and asset and/or liability purchase.

3. Copies of all documents detailing the relationship between JET EQUIPMENT & TOOLS, INC. and WALTER MEIER MANUFACTURING, INC. i/n/a WALTER MEIER MANUFACTURING CORP. including if applicable, dates of purchase, incorporation, subsidiary creation and asset and/or liability purchase.

4. Copies of all manifests, invoices, bills, logs, bills of lading and/or any other records regarding the Arbor Saw Model JTAS-10-3 in issue.

5. Copies of all correspondence exchanged between OUTDOOR INSTALLATIONS and any party to this action regarding the Arbor Saw Model JTAS-10-3 in issue.

7. If OUTDOOR INSTALLATIONS' cross-claim in this matter is based, in whole or in part, upon a contract, written agreement, oral agreement, or other writing, provide copy of same.

8. Copies of all correspondence exchanged between WALTER MEIER and any party to this action regarding the JTAS-10-3 in issue.

9. If WALTER MEIER's third-party claim in this matter is based, in whole or in part, upon a contract, written agreement, oral agreement, or other writing: provide copies of same.

10. Provide copies of any photographs, motion pictures, audiotapes or other forms of electronic records, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, the scene of the accident or the areas or persons or instrumentality(ies) involved made either before, after or at the time of the events in question, including any photographs made of the plaintiff at any time since the incident referred to in the Complaint.

11. If OUTDOOR INSTALLATIONS has made any statement or statements in any form to any person, other than OUTDOOR INSTALLATIONS' attorney, regarding any events or happenings referred to in plaintiff's Complaint, or WALTER MEIER's third-party Complaint, provide copies of same.

12. If OUTDOOR INSTALLATIONS or OUTDOOR INSTALLATIONS's attorney or anyone acting on OUTDOOR INSTALLATIONS' behalf has obtained statements in any form from any persons regarding any of the events or happenings that occurred in regard to the incident referred to in the Complaint, please provide copies of same.

13. If there was an investigation by any person or authority public or private, of the incident referred to in the complaint, if any reports were drafted as a result of the investigations, annex a copy of each such report hereto.

14. Provide copies of any record in any tangible form whatsoever, including but not limited to any memorandum, audio tape, videotape, film, advertising circulars, owners' manual or

photograph, which relates to the use of the Arbor Saw Model JTAS-10-3 in issue.

15. Copies of any demonstrative exhibit, including but not limited to models, experiments, charts, drawings, graphs, documents, whether or not modified in size from their original, photographs, films, videotapes, audio or visual recordings.

16. If WALTER MEIER has made any statements in any form to any person, other than plaintiff's WALTER MEIER'S attorney, regarding any events or happenings referred to in plaintiff's Complaint, or WALTER MEIER's third-party Complaint, please provide copies of same.

17. If WALTER MEIER or WALTER MEIER's attorney or anyone acting on WALTER MEIER's behalf has obtained statements in any form from any persons regarding any of the events or happenings that occurred in regard to the incident referred to in the Complaint, please provide copies of same.

18. Copies of any study, test, investigation or other inquiry conducted by any person or entity other than you for the purpose of determining the intended or foreseeable uses to which a product similar to the Arbor Saw Model JTAS-10-3 in issue in this case might be used.

19. If plaintiff had made any statement or statements in any form to any person, other than plaintiff's attorney, regarding any events or happenings referred to in plaintiff's Complaint, please provide copies of each.

20. If plaintiff or plaintiff's attorney or anyone acting on plaintiff's behalf has obtained statements in any form from any persons regarding any of the events or happenings that occurred in regard to the incident referred to in the Complaint, please provide copies of same.

21. Plaintiff's federal and state income tax returns for the calendar year of the occurrence and the two preceding years, and for one year following the date of the alleged occurrence, as well as an authorization to the Internal Revenue Service to obtain copies.

22. Duly executed and acknowledged written authorization directed to all persons, firms or organizations which have reimbursed each plaintiff for costs of medical care, custodial care, rehabilitation services, loss of earnings, or other economic loss, or other costs, or to whom such claims have been submitted to obtain copies of the policies under which said payments or claims were made, and copies of any claims submitted for payment.

23. Copies of all medical reports, medical records, hospital records, including x-rays and bills of those physicians who treated or examined plaintiff.

24. Duly executed and acknowledged written HIPPA compliant authorizations permitting the undersigned to obtain and make copies of the records of all hospitals, physicians or other medical personnel who have treated plaintiff for the injuries alleged in

the complaint, including authorizations for x-rays, CAT-Scans, MRIs and any and all diagnostic tests taken of the plaintiff.

25. Copies of any and all reports of physical examinations of plaintiff conducted either by plaintiff's physicians, or on behalf of any of the defendants herein, or in other actions involving this same incident.

26. Provide a narrative report by plaintiff's treating and examining physicians which includes a recital of the injuries and conditions as to which testimony will be offered at trial, referring to and identifying those x-ray and technicians reports which will be offered at trial, including a description of the injuries, a diagnosis and a prognosis.

27. The name, address and policy number of plaintiff's health insurance company who provided health insurance and/or dental insurance to the plaintiff for a period of 10 years prior to the date of the alleged accident and a duly executed, HIPPA compliant authorization to obtain all medical records from said insurer. The name and address of plaintiff's regular family and treating physicians and a duly executed HIPPA compliant authorization to obtain all of plaintiff's records from said physicians.

**PLEASE TAKE FURTHER NOTICE**, that the within demand is a continuing demand. In the event any of the above items are obtained after service of this demand, they are to be furnished.

Dated:   Brooklyn, New York
         July 15, 2011

                                         Yours, etc.

                                         CULLEN AND DYKMAN LLP

                                         By:_____
                                              Frank J. Lourenso(FJL3629)
                                              Trial Counsel to Gregory J.
                                              Allen, Esq., New York State
                                              Insurance Fund, counsel to
                                              third-party defendant Metric
                                              Services, Inc.
                                              177 Montague Street
                                              Brooklyn, New York  11201
                                              (718) 855-9000
                                              C&D File No. 6205-95(FJL)

TO:   Paul A. Scrudato, Jill Berry, Esq.
      Schiff Hardin LLP
      Attorneys for Defendant/Third-Party
      Plaintiff, Walter Meier Manufacturing, Inc.
      900 Third Avenue
      New York, NY 10022
      (212) 753-5000

      LONDON FISCHER LLP
      By: Michael J. Carro (# 5452 )
      Trial Counsel to Gregory J. Allen, Esq.
      For The New York State Insurance Fund
      Attorneys for Third-Party Defendant
      OUTDOOR INSTALLATIONS, LLC D/B/A A
      SPRING SCAFFOLDING
      59 Maiden Lane, 41st Floor
      New York, NY 10038
      (212) 972-1000

      George N. Statfeld, P.C.
      Attorneys for Plaintiff, Jason Martin
      3 West 35th Street
      New York, New York 10001

### CERTIFICATION OF SERVICE

The undersigned, an attorney, certifies that, on July 15, 2011, DEMAND FOR NOTICE TO PRODUCE dated July 15, 2011 was filed with the Clerk of the Court by using the CM/ECF system, which will send notification of the filing to all registered participants. Paper copies of this document will be sent to non-registered participants via U.S. Mail.

Dated:     Brooklyn, New York
           July 15, 2011

                                        Yours, etc.

                                        CULLEN AND DYKMAN LLP

                                        By: _____
                                               Frank J. Lourenso(FJL3629)
                                        Trial Counsel to Gregory J. Allen,
                                        Esq., New York State Insurance
                                        Fund, counsel to third-party
                                        defendant Metric Services, Inc.
                                        177 Montague Street
                                        Brooklyn, New York 11201
                                        Flourenso@cullenanddykman.com
                                        (718) 855-9000
                                        C&D File No. 6205-95(FJL)